T.C. Summary Opinion 2008-141


UNITED STATES TAX COURT


DANITA J. LEONARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12719-07S.                    Filed November 4, 2008.


Danita J. Leonard, pro se.

<u>Veena Luthra</u>, for respondent.


DAWSON, <u>Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect

when the petition was filed.[1]  Pursuant to section 7463(b), the

---

[1] Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended and in effect for the
year at issue, and Rule references are to the Tax Court Rules of
Practice and Procedure.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,953 deficiency in petitioner's Federal income tax for 2005. After a concession by respondent,[2] the issues for decision are whether petitioner is entitled to the following: (1) Dependency exemption deductions for a friend, Belinda Pearson, and Ms. Pearsons' two minor grandchildren, A.P. and J.P.;[3] (2) a child care credit for J.P.; (3) a child tax credit and an additional child tax credit for A.P. and J.P.; (4) an earned income credit; and (5) an education credit.

## Background

Some of the facts have been stipulated. The stipulation and accompanying exhibits are incorporated herein by this reference. Petitioner resided in Virginia when the petition was filed.

In 2005 petitioner was unmarried. She was employed as a correctional officer. On her Federal income tax return for 2005, which was prepared by H&R Block Eastern Enterprises I, petitioner filed as a head of household, reported adjusted gross income of $29,507, and claimed dependency exemption deductions of $3,200

---

[2] Respondent concedes that petitioner is entitled to head of household filing status, thus resulting in an increase in petitioner's standard deduction to $7,300 from $5,000.

[3] The Court uses initials when referring to minor children. See Rule 27(a)(3).

each for Belinda Pearson (Ms. Pearson) and for A.P. and J.P., who were listed as petitioner's foster children; a child care credit of $810 for J.P.; a child tax credit of $89 and an additional child tax credit of $1,911; an earned income credit of $1,208; and an education credit of $44.

Ms. Pearson is petitioner's friend.  A.P. and J.P., who were 6 and 3 years of age in 2005, are the children of Sheniqua Lee Pearson and Jason P. Pearson.  A.P. and J.P. are Ms. Pearson's grandchildren.  A.P. and J.P. are not petitioner's foster children.

On March 10, 2004, the Juvenile and Domestic Relations District Court of Williamsburg granted temporary legal and physical custody of A.P. and J.P. to Ms. Pearson, which continued until October 13, 2005, when a final order was entered giving legal and physical custody of the grandchildren to her without any visitation rights by their parents.

During the entire year 2005 Ms. Pearson, A.P., and J.P. lived in petitioner's rented apartment.  The rent was $750 per month.  Ms. Pearson, who is disabled, has lived in petitioner's household for about 11 years.  In 2005 her only source of income was Social Security disability benefits of $7,908, which was used in part to support herself and A.P. and J.P.

J.P. attended child care at La Petite Academy in 2005 at a total cost of $4,186. Most payments for his care were made by check by petitioner, but some were made by Ms. Pearson.

Petitioner and Ms. Pearson pooled their financial resources in 2005 to provide support for themselves and the two children, A.P. and J.P. Petitioner had adjusted gross income of $29,507 and Ms. Pearson had $7,908 from Social Security disability benefits, for a total of $37,415. Divided equally, the total support for each occupant of the household was $9,354. Neither petitioner nor Ms. Pearson had any other sources of income to support themselves and the children. They received no support from any Federal, State, or social service agencies. Petitioner and Ms. Pearson received no food stamps or rent subsidies. The father and mother of A.P. and J.P. provided nothing for the children's support.

The arrangement for supporting members of the household was that petitioner would pay the apartment rent and Ms. Pearson would pay other expenses until her Social Security benefits were consumed, and then petitioner's salary would be used to pay for all other expenses. Thus, out of the total funds ($37,415) available for the support of all household members, Ms. Pearson provided 21 percent and petitioner provided 79 percent. Therefore, petitioner provided more than 50 percent for the support of Ms. Pearson, A.P., and J.P. in 2005.

Ms. Pearson was not required to file a Federal income tax return for 2005 and did not file one.

Petitioner's employer, Virginia Peninsula Regional Jail, required her to take a college course once every 2 years in order to maintain her position as a corporal. She complied with the job requirement by taking a college course in 2005 at a cost of $218. She claimed a lifetime learning credit of $44 on Form 8863, Education Credits (Hope and Lifetime Learning Credits), on her 2005 income tax return.

In the notice of deficiency respondent determined petitioner's filing status to be single rather than head of household and reduced the standard deduction by $2,300; and respondent disallowed the claimed dependency exemption deductions for Ms. Pearson, A.P., and J.P., the child care credit for J.P., the child tax credit and additional child tax credit, the earned income credit, and the education credit.

## Discussion

Petitioner has the burden of proving that she is entitled to the claimed dependency exemption deductions and other tax benefits at issue in this case. See Rule 142(a).[4]

---

[4] Petitioner has not claimed or shown that she meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to her liability for tax.

1. <u>Dependency Exemption Deductions</u>

A taxpayer is entitled to claim a dependency exemption only if the claimed dependent is a "qualifying child" or a "qualifying relative" as defined under section 152(c) and (d).  Sec. 152(a).

A qualifying child is defined as the taxpayer's child, brother, sister, stepbrother, or stepsister, or a descendant of any of them.  Sec. 152(c)(1) and (2).  The term "child" includes a legally adopted individual and a foster child placed in the care of the taxpayer by an authorized placement agency or court order.  Sec. 152(f)(1).  Neither A.P. nor J.P. is a qualifying child because neither is related to petitioner and neither is her adopted or foster child.  Thus, to be petitioner's dependents they must be qualifying relatives.  Likewise, Ms. Pearson must be a qualifying relative to qualify as petitioner's dependent.

An individual who is not a qualifying child may still, under certain conditions, qualify as a dependent if he or she is a qualifying relative.  Sec. 152(a).  Under section 152(d)(1), a qualifying relative is an individual:  (A) Who bears a qualifying relationship to the taxpayer; (B) whose gross income for the year is less than the section 151(d) exemption amount; (C) who receives over one-half of his or her support from the taxpayer for the taxable year; and (D) who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.

Section 152(d)(2)(A)-(G) lists eight types of qualifying relationships, seven of which involve various familial relationships that do not cover petitioner's claimed dependents. The eighth type of qualifying relationship applies to an individual, other than the taxpayer's spouse, who has the same principal place of abode as the taxpayer and is a member of the taxpayer's household for the taxable year. Sec. 152(d)(2)(H). In order for an individual to be considered a member of a taxpayer's household, the taxpayer must maintain the household, and both the taxpayer and the individual must occupy the household for the entire taxable year. Sec. 1.152-1(b), Income Tax Regs. A taxpayer maintains a household when he or she furnishes more than one-half of the expenses for the household. See sec. 2(b); Rev. Rul. 64-41, 1964-1 C.B. (Part 1) 84.

Respondent has conceded that petitioner qualifies for head of household status and thereby has effectively conceded that petitioner maintained the household for 2005. Clearly, Ms. Pearson, A.P., and J.P. occupied the household for all of 2005, and petitioner furnished more than one-half of the expenses for the household. Accordingly, each of them satisfies the qualifying relationship test pursuant to section 152(d)(2)(H).

In addition, we conclude on this record that petitioner provided over one-half of the support for Ms. Pearson, A.P., and J.P. for 2005. Furthermore, as members of the household, Ms.

Pearson, A.P., and J.P. are considered to have received equal parts of petitioner's contributions as their support. See <u>De La Garza v. Commissioner</u>, 46 T.C. 446 (1966), affd. per curiam 378 F.2d 32 (5th Cir. 1967). Just to make ends meet and provide for the financial survival of their household, petitioner paid most of their personal living expenses.

Respondent does not contend and the record does not show that the gross income test is disputed. However, respondent points out that it is likely that the children petitioner claimed as her dependents are the qualifying children of Ms. Pearson and therefore are not petitioner's qualifying relatives under section 152(d)(1)(D). We disagree.

Section 152(d) defines a qualifying relative for whom the taxpayer may claim a dependency exemption deduction under section 151(c). Section 152(d)(1)(D) provides that an individual is not a qualifying relative of the taxpayer if the individual is a qualifying child of any other taxpayer. We conclude, as the Commissioner has recently done in Notice 2008-5, 2008-2 I.R.B. 256, that a taxpayer otherwise eligible to claim a dependency exemption deduction for an unrelated child is not prohibited by section 152(d)(1)(D) from claiming the deduction if the child's parent (or other person with respect to whom the child is defined as a qualifying child) is not required by section 6012 to file an income tax return and does not file an income tax return or files an income tax return solely to obtain a refund of withheld income

taxes.  Ms. Pearson, who as the grandmother of A.P. and J.P. could have claimed them as her qualifying children, was not required to file, and did not file, an income tax return for 2005.  See sec. 6012(a)(1)(A)(i).  One-half of her Social Security disability benefits of $7,908 for that year was less than the base amount provided by section 86(c)(1)(A), so none of her benefits were includable in gross income pursuant to section 86(a)(1).  Thus, petitioner, not Ms. Pearson, was eligible to claim and was entitled to the dependency exemption deductions for A.P. and J.P. for 2005.[5]

2. Child Care Credit

Section 21(a) and (b)(2) generally provides for a child care credit with respect to employment-related expenses that are incurred to enable the taxpayer to be gainfully employed, including expenses to care for a "qualifying individual".  With exceptions not relevant here, a qualifying individual is generally defined as an individual who is either a qualifying child of the taxpayer (within the meaning of section 152(a)(1)) who has not turned 13 or a dependent of the taxpayer who is physically or mentally incapable of caring for himself or herself and shares the same place of abode with the taxpayer for more than one-half of the taxable year.  Sec. 21(b)(1).

---

[5] We note that respondent does not contend that A.P. and J.P. were the qualifying children of their parents, who abandoned them and provided nothing for their support.

As previously discussed, J.P. was not a qualifying child of petitioner within the meaning of section 152(a)(1), but only a qualifying relative under section 152(a)(2). Moreover, petitioner does not allege and the record does not indicate that either child is physically or mentally incapable of caring for herself or himself. Although petitioner did pay most of the employment-related expenses for the care of J.P. at La Petite Academy, which enabled her to be employed, the claimed credit must be disallowed because he was not her qualifying child under the law. Accordingly, respondent's determination on this issue is sustained.

## 3. Child Tax Credit and Additional Child Tax Credit

Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer. A qualifying child means an individual who meets the requirements of section 152(c) and who has not attained the age of 17. Sec. 24(c)(1). Section 152(c) provides in pertinent part:

> (1) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--
>
> > (A) who bears a relationship to the taxpayer described in paragraph (2),
> >
> > (B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year,
> >
> > (C) who meets the age requirements of paragraph (3), and

(D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.

(2) Relationship.--For purposes of paragraph (1)(A), an individual bears a relationship to the taxpayer described in this paragraph if such individual is--

(A) a child of the taxpayer or a descendant of such a child, or

(B) a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative.

Neither A.P. nor J.P. satisfies the section 152(c)(2) relationship test. Accordingly, they do not fit within the meaning of qualifying child as defined by section 24(c). Therefore, petitioner is not entitled to a child tax credit for either A.P. or J.P. for 2005.

Petitioner claimed an additional child tax credit on the basis of A.P. and J.P. as qualifying children for taxable year 2005. Subject to limitations on the basis of adjusted gross income, a taxpayer is allowed for the year a child tax credit with regard to each qualifying child of the taxpayer. Sec. 24(a). A portion of the child tax credit may be refundable as an additional child tax credit if the taxpayer has an unused child tax credit. Sec. 24(d).

Therefore, since there is no unused child tax credit, petitioner is also not entitled to an additional child tax credit for 2005 because A.P. and J.P. are not her qualifying children.

4. <u>Earned Income Credit</u>

Section 32(a)(1) allows an "eligible individual" an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the credit allowed through a phaseout, and section 32(b) prescribes different percentages and amounts used to calculate the credit.  The limitation amount is based on the amount of the taxpayer's earned income whether the taxpayer has no children, one qualifying child, or two or more qualifying children.

To be eligible to claim an earned income credit with respect to a child, the taxpayer must establish that the child is a qualifying child of the taxpayer as defined in section 152(c). Sec. 32(c)(3)(A).  Neither A.P. nor J.P. is a qualifying child under section 152(c), as previously discussed.

Although petitioner is not eligible to claim an earned income credit under section 32(c)(1)(A)(i) for one or more qualifying children, she may be an eligible individual under section 32(c)(1)(A)(ii).  For 2005 a taxpayer is eligible under this subsection only if his or her adjusted gross income was less than $11,750.  Rev. Proc. 2004-71, sec. 3.06, 2004-2 C.B. 970, 973.  Petitioner's adjusted gross income for 2005 was $29,507. Therefore, she is not eligible for an earned income credit for 2005.

5. <u>Education Credit</u>

Section 25A(c) provides in part:

SEC. 25A(c). Lifetime Learning Credit.--

(1) Per taxpayer credit.--The Lifetime Learning Credit for any taxpayer for any taxable year is an amount equal to 20 percent of so much of the qualified tuition and related expenses paid by the taxpayer during the taxable year (for education furnished during any academic period beginning in such taxable year) as does not exceed $10,000 ($5,000 in the case of taxable years beginning before January 1, 2003).

(2) Special rules for determining expenses.--

    *      *      *      *      *      *      *

(B) Expenses eligible for lifetime learning credit.--For purposes of paragraph (1), qualified tuition and related expenses shall include expenses described in subsection(f)(1) with respect to any course of instruction at an eligible educational institution to acquire or improve job skills of the individual.

Section 25A(f) provides in part:

SEC. 25A(f). Definitions.--For purposes of this section--

(1) Qualified tuition and related expenses.--

(A) In general.--The term "qualified tuition and related expenses" means tuition and fees required for the enrollment or attendance of--

(i) the taxpayer,

(ii) the taxpayer's spouse, or

(iii) any dependent of the taxpayer with respect to whom the taxpayer is allowed a deduction under section 151,

at an eligible educational institution for courses of instruction of such individual at such institution.

        *        *        *        *        *        *        *

(2) Eligible educational institution.--The term "eligible education institution" means an institution--

(A) which is described in section 481 of the Higher Education Act of 1965 (20 U.S.C. 1088), as in effect on the date of the enactment of this section, and

(B) which is eligible to participate in a program under title IV of such Act.

In order to improve her job skills and maintain her position as a corporal with the Virginia Peninsula Regional Jail, petitioner took a college course at a qualified educational institution in 2005 and paid the tuition expense of $218 as an eligible student.  She had adjusted gross income of less than $50,000 for that year and claimed an exemption for herself.  She also reported a tax of $943 on line 28 of her Form 1040A, U.S. Individual Income Tax Return.  She claimed a $44 education credit on her return using the lifetime learning credit.  Respondent disallowed the credit in the notice of deficiency on the ground that "one or more dependent exemptions claimed on your return have been disallowed."  This obviously was referring to the dependency exemption deductions claimed for the children, A.P. and J.P.  That was incorrect.  Petitioner claimed the credit for the college course she had taken.

We conclude on these facts that petitioner has met the requirements for the lifetime learning credit.  See sec. 1.25A-4(c)(2), <u>Example</u> (<u>1</u>), Income Tax Regs.  Therefore, respondent's determination on this issue is not sustained.

To reflect our disposition of the disputed issues and respondent's concession,

<u>Decision will be entered</u>

<u>under Rule 155</u>.